IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

    Plaintiff,

  v.

ANTHONY HEDGPATH, et al.,

    Defendants.

Case No.: C 12-3071 CW (PR)

ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS, GRANTING REQUEST TO STAY DISCOVERY AND DENYING MOTIONS FOR PRELIMINARY INJUNCTION, APPOINTMENT OF COUNSEL AND TO FILE SECOND AMENDED COMPLAINT

(Docket nos. 19, 20, 21, 32, 34)

    Plaintiff, a state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison (SVSP).

    On April 5, 2013, the Court found that Plaintiff's allegations state a cognizable claim for deliberate indifference to his serious medical needs and ordered the first amended complaint served on Defendants.  Defendants have filed a motion to dismiss the first amended complaint for failure to state a claim upon which relief may be granted and on the ground that they are entitled to qualified immunity.  Plaintiff has moved for an extension of time to oppose the motion.  Good cause appearing, Plaintiff's request is GRANTED.  Plaintiff shall file and serve on Defendants' counsel his opposition to the motion to dismiss by September 1, 2013.  Defendants shall file a reply to the opposition by September 15, 2013.

    Defendants also move to stay discovery pending resolution of the motion to dismiss.  It is well settled that a stay of discovery should be granted until the threshold question of

qualified immunity is decided.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Dimartini v. Ferrin, 889 F.2d 922, 926 (9th Cir. 1989). Accordingly, Defendants' request for a stay of discovery is GRANTED.

Plaintiff moves for a preliminary injunction prohibiting prison officials at SVSP from housing him in a double-cell.  When Plaintiff filed this action, he was incarcerated at SVSP.  Recently, however, Plaintiff notified the Court that he has been transferred to the Substance Abuse Treatment Facility at Corcoran State Prison.  Because Plaintiff no longer is incarcerated at SVSP, his claim for preliminary injunctive relief is DENIED as moot.  Further, any claims for injunctive relief pertaining to Plaintiff's incarceration at Corcoran State Prison must be brought in the Eastern District, where Corcoran is located.  See 28 U.S.C. § 1391(b). 28 U.S.C. § 84(b).

Plaintiff seeks leave to amend his complaint a second time, to add new claims and Defendants.  The claims in the first amended complaint, to which Defendants have responded, concern Defendants' decision to place Plaintiff in double-cell housing in 2010, in alleged violation of Plaintiff's Eighth Amendment rights; Plaintiff allegedly exhausted his administrative remedies with respect to these claims in 2011.  The claims that Plaintiff seeks to include in a second amended complaint concern his having been charged with a disciplinary rules violation in February 2012 for his alleged participation in an inmate riot and being found guilty of that charge at a disciplinary hearing held in September 2012.  Plaintiff allegedly exhausted his administrative remedies with respect to these claims in March 2013.  (Docket no. 19.)

"A party asserting a claim, counterclaim, crossclaim, or

2

third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  However, the rules are somewhat different when, as here, there are multiple parties.  Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

The Defendants named by Plaintiff in his proposed second amended complaint are different from the Defendants who have been served with the first amended complaint.  Further, the claims in the proposed second amended complaint are not based on the same transaction or occurrence or series of transactions and occurrences as the claims in the first amended complaint, and there are not questions of law or fact common to all of the Defendants.  Thus, the allegations in the proposed second amended complaint do not satisfy the joinder requirements under Rule 20(a)(2).  Accordingly, Plaintiff's request to add new claims and Defendants in a second amended complaint is DENIED because allowing him to do so would result in the improper joinder of Defendants.  <u>See</u> Fed. R. Civ. P. 21.  This order does not preclude Plaintiff from filing a new and separate action asserting the claims raised in his proposed second amended complaint.

Finally, Plaintiff moves for the appointment of counsel to represent him in this action.  There is no constitutional right to counsel in an action brought pursuant to 42 U.S.C. § 1983.  <u>Rand</u>

v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Id.  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  Id.

    The Court is unable to assess at this time whether exceptional circumstances exist that warrant seeking volunteer counsel to accept a pro bono appointment.  The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits.  Accordingly, the request for appointment of counsel is DENIED without prejudice to the Court's considering at a later stage of the proceedings whether appointment of counsel is warranted.

    This order terminates Docket nos. 19, 20, 21, 32 and 34.

    IT IS SO ORDERED.

Dated: 7/22/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE